United States District Court
Southern District of Texas
**ENTERED**
September 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD LEE COLE, #509323, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-23-3213 |
| | § | |
| SAN JACINTO COUNTY | § | |
| DISTRICT ATTORNEYS, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Richard Lee Cole, #509323, a pretrial detainee in custody of the Montgomery County Sheriff's Office, filed this *pro se* civil lawsuit for alleged violations of his constitutional rights while in custody of the San Jacinto County Sheriff's Office.

Having screened the complaint as required by 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Plaintiff seeks monetary damages against the San Jacinto County Courthouse, the San Jacinto County Sheriff's Office ("SJCSO"), the San Jacinto Jail, San Jacinto County District Attorneys Todd Dillon and Robert Freyer, and "the Court Clerk in [the] San Jacinto Courthouse." Plaintiff complains that these defendants miscalculated his jail time and refused to correct the error, causing him to remain unlawfully confined in the Texas Department of Criminal Justice twenty-five days beyond his true release date.

Plaintiff seeks monetary compensation for his allegedly unlawful twenty-five day incarceration.

## II. ANALYSIS

A.  Non Sui Juris Defendants

The defendants San Jacinto County Courthouse, the SJCSO, and the San Jacinto Jail are not proper parties to this lawsuit because they are *non sui juris*, meaning they lack the legal capacity to sue or be sued as a matter of law. A department or office must have a separate legal existence to be sued. *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). A political subdivision cannot sue or be sued unless it is a separate and distinct corporate entity; the San Jacinto County Courthouse, the SJCSO, and the San Jacinto Jail are not separate and distinct corporate entities that can be sued. *See Potts v. Crosby I.S.D.*, 210 F. App'x 342, 344–45 (5th Cir. 2006) (per curiam) (upholding dismissal of claims against the HCSO because it lacked the capacity to be sued).

Because these entities are, at most, political subdivisions of San Jacinto County, Texas, San Jacinto County would be the proper defendant for claims against them. However, had plaintiff named San Jacinto County as the defendant, he pleads no factual allegations raising a viable claim against the municipality. "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). A local

2

government may not be sued under section 1983 for the deprivation of rights guaranteed by the Constitution or federal law inflicted solely by its employees or agents. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). However, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," the government agency is liable under section 1983. *Id.*

To state a claim against a municipality under section 1983, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). An official policy is either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc).

Here, plaintiff did not plead any facts that support an official policy promulgated by a municipal policymaker that was the moving force behind the violation of a constitutional right. Consequently, San Jacinto County, even if named as defendant, cannot be held liable in this lawsuit under section 1983.

Plaintiff's claims against San Jacinto County Courthouse, the SJCSO, and the San Jacinto Jail are **DISMISSED WITH PREJUDICE.**

B.  Prosecutorial Immunity

Plaintiff alleges that San Jacinto County District Attorneys Todd Dillon and Robert Freyer refused to calculate "his time" properly even after he complained that the calculations were incorrect. His claims against them for monetary damages are barred by prosecutorial immunity.

Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in prosecuting the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold . . . that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) ("A prosecutor enjoys absolute immunity when her actions are intimately associated with the judicial phase of the criminal process.") (quoting *Imbler*, 424 U.S. at 431).

Plaintiff fails to allege sufficient facts to overcome defendants Dillon and Freyer's entitlement to immunity, and thereby fails to state a non–frivolous claim upon which relief

4

may be granted under section 1983. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b).

Plaintiff's claims against San Jacinto District Attorneys Todd Dillon and Robert Freyer are **DISMISSED WITH PREJUDICE** for plaintiff's failure to raise a viable claim for relief.

C.      Absolute Immunity

Plaintiff further seeks monetary damages against "the Court Clerk in [the] San Jacinto Courthouse." Plaintiff does not state whether he is suing the San Jacinto County Clerk or the San Jacinto District Clerk; in either case, his claims must be dismissed.

Plaintiff alleges that the court clerk "did not properly follow execution of [his] sentence." Court clerks are absolutely immune in their individual capacities from actions "for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *see also Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). The reason for such immunity is based on the ministerial nature of a clerk's duties in Texas. As recognized by the Texas Court of Criminal Appeals, a court clerk performs ministerial duties at the behest of a judge. *See Sharp v. State*, 677 S.W.2d 513, 514 (Tex. Crim. App. 1984). Thus, a court clerk's immunity is similar to that of a judge, which is absolute immunity. *See Clay*, 242 F.3d at 682.

Plaintiff's claims against "the Court Clerk" in his or her individual capacity for monetary damages are barred by immunity to the extent they were taken at the behest of the

5

judge. Plaintiff pleads no factual allegations demonstrating that the court clerk had any personal involvement in the execution of his sentence, or that he or she had any authority to independently modify plaintiff's sentence or the duration of his incarceration. Plaintiff fails to allege sufficient facts to overcome the court clerk's entitlement to immunity, and thereby fails to state a non–frivolous claim upon which relief may be granted under section 1983. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b).

Plaintiff's claims against "the Court Clerk in [the] San Jacinto Courthouse" are **DISMISSED WITH PREJUDICE** for plaintiff's failure to raise a viable claim for relief.

D.   *Heck* Bar

Notwithstanding any of the above, plaintiff's claims against the defendants for monetary damages predicated on his twenty-five days of alleged unlawful confinement are currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and must be dismissed.

Under *Heck*, to recover damages based on allegations of unlawful detention or imprisonment, a prisoner must prove that the confinement or conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.*, 512 U.S. at 486–87. Thus, plaintiff in the instant lawsuit cannot recover monetary damages against the defendants unless he alleges and shows that the challenged confinement has been invalidated, set aside, or otherwise declared

unconstitutional. *See, e.g., Mann v. Denton County*, 364 F. App'x 881, 883 (5th Cir. 2010) (per curiam).

Plaintiff pleads no such allegations. Although he states that he filed a time dispute resolution with the Texas Department of Criminal Justice in September 2022, he does not disclose the outcome of the proceeding or state that he subsequently filed an application for state habeas relief. Plaintiff's federal habeas lawsuit seeking to correct his sentence was dismissed without prejudice in October 2022 for his failure to exhaust the claims through the state courts. *See Cole v. Lumpkin*, C.A. No. H-22-3107 (S. D. Tex. Oct. 11, 2022). Consequently, plaintiff does not show that the state courts granted habeas relief or that the sentence or duration of his confinement has been corrected through a federal habeas proceeding.

Plaintiff's claims for monetary damages as to his alleged unlawful twenty-five day confinement are **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITH PREJUDICE** for plaintiff's failure to state a viable claim for relief that can be granted under section 1983. Plaintiff's claims are further **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions have been met.

Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff is **WARNED** that, should he accumulate three strikes, he will be barred from proceeding *in forma pauperis* in federal district or appellate courts unless he shows that he was under imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas, on this the 1st day of September, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE